Signed: September 13, 2013

**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Bruce Ramsburg, | : | Case No.: 10-31369-WIL |
| Linda Ramsburg, | : | Chapter 7 |
| | : | |
|    Debtors, | : | |
| | : | |
| Merrill Cohen, Chapter 7 Trustee, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Adversary Proceeding No.: 12-00573 |
| | : | |
| CitiMortgage, Inc., | : | |
| | : | |
|    Defendant. | : | |

_____

**MEMORANDUM OPINION**

      Before the Court is Defendant CitiMortgage, Inc.'s Motion for Summary Judgment and the Chapter 7 Trustee's Response thereto.[1]  For the following reasons, the Court finds that there are no material facts in dispute and that CitiMortgage is entitled to judgment as a matter of law.

---

[1] CitiMortgage, Inc. ("CitiMortgage") holds the first and second-priority deeds of trust on the Debtors' real property located at 6121 Montrose Road, Hyattsville, Maryland 20895 (the "Property"). Because the secured status and priority of its liens are at issue in this adversary, CitiMortgage retained separate counsel to represent its potentially conflicting interests in this matter. The Motion for Summary Judgment addressed herein was filed by CitiMortgage as the holder of the unrecorded first-priority deed of trust on the Property.

I.  **Statement of Undisputed Facts**

The following facts are material to the Court's analysis and are undisputed. In July 2007, Debtors Bruce D. Ramsburg and Linda J. Ramsburg obtained a loan in the principal amount of $340,000.00 from CitiMortgage. On July 26, 2007, the Debtors executed a Deed of Trust (the "First Deed of Trust") in favor of CitiMortgage to secure their repayment obligation under the loan. CitiMortgage failed to record the First Deed of Trust among the land records of Prince George's County, Maryland. At some point thereafter, Seterus, Inc. f/k/a IBM Lender Business Process Services, Inc. ("Seterus") became the holder of the unrecorded First Deed of Trust.

On or about May 11, 2007, the Debtors executed a promissory note in favor of Capital One Home Loans, LLC for a loan in the amount of $56,250.00. To secure this loan, the Debtors executed a deed of trust (the "Second Deed of Trust") in favor of Capital One Home Loans, LLC against the Property. The Second Deed of Trust was perfected by recordation of the Deed of Trust in the Land Records for Prince George's County on August 31, 2007. Capital One Home Loans, LLC assigned its interest to CitiMortgage through an Assignment of Mortgage recorded among the land records for Prince George's County on July 19, 2011.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 16, 2010 (the "Petition Date"). The Plaintiff/Trustee was appointed as the Chapter 7 Trustee in the Debtors' bankruptcy case. The First Deed of Trust remained unrecorded as of the Petition Date.

The Debtors disclosed their interest in the Property on their Schedule A filed with their Petition. The Debtors' Schedule D lists CitiMortgage as having a "First Mortgage" on the Property in the amount of $329,601.00 and a "Second Mortgage" in the amount of $55,680.00. The Debtors filed a Statement of Intention indicating their intention to retain the Property and continue mortgage

2

payments thereon. The Debtors' Meeting of Creditors was scheduled for and took place on October 26, 2010. The next day, on October 27, 2010, the Trustee filed his Report of No Distribution certifying that he had made "diligent inquiry" into the Debtors' financial affairs and that there is no property available for distribution to creditors and that the Debtors' estate has been fully administered.

On November 18, 2010, CitiMortgage, as the "present holder" of the Second Deed of Trust, filed a Motion for Relief From Stay (the "Lift Stay Motion") with respect to the Property. The Lift Stay Motion stated that there are "additional liens on the property" but did not identify the liens or state that the First Deed of Trust was unrecorded. The Lift Stay Motion further stated that the Debtors have no equity in the Property. The Balloon Note and Deed of Trust filed as exhibits to the Lift Stay Motion were executed by the Debtors on May 11, 2007, in favor of Capital One Home Loans, LLC. There was no assignment or other document filed with the Lift Stay Motion evidencing CitiMortgage's position that it was the "present holder" of the loan. Despite proper service and notice of the Lift Stay Motion, neither the Debtors nor the Trustee filed an opposition. Consequently, a Default Order Terminating Automatic Stay as to the Property was entered on December 21, 2010. On December 29, 2010, the Debtors received their Chapter 7 discharge and their bankruptcy case was closed that same day.

On June 29, 2012, Seterus filed an Expedited Motion for Order Reopening Case (the "Motion to Reopen"). The Motion to Reopen requested that the case be reopened to allow Seterus to pursue litigation in the appropriate state court against the Debtor and other alleged lienholders against the Property to complete recordation of the First Deed of Trust and establish the First Deed of Trust as the first-priority lien against the Property. The Trustee filed a Response to the Motion to

Reopen indicating that he did not oppose the reopening of the case and that he intended to commence a proceeding to determine the extent, validity, or priority of the unrecorded First Deed of Trust and, if appropriate, to avoid the First Deed of Trust pursuant to 11 U.S.C. § 544(a)(3). On July 17, 2012, the Court entered an Order granting the Motion to Reopen. On August 8, 2012, the Trustee filed a Line Withdrawing Chapter 7 Trustee's Report of No Distribution and also filed a Designation as Asset Case and Request to Set Claims Bar Date. Thereafter, on August 21, 2012, Seterus filed a Motion for Limited Modification of Discharge Injunction. On August 28, 2012, the Trustee commenced the above-captioned adversary proceeding by filing a Complaint to Avoid Lien of Seterus, Inc. and to Determine the Extent, Validity or Priority of Lien of CitiMortgage, Inc. (the "Complaint"). Seterus and CitiMortgage were the named Defendants to the Complaint.[2] Count I of the Complaint seeks to avoid Seterus' lien pursuant to 11 U.S.C. § 544(3).[3] Count II asserts that the Debtors' bankruptcy estate (the "Estate") holds the avoided (and preserved) First Deed of Trust and seeks a determination that the Estate's interest in the First Deed of Trust has priority over the Second Deed of Trust.

      Seterus and CitiMortgage filed Motions to Dismiss the Complaint. Seterus argued, among other things, that the Trustee was time-barred from avoiding Seterus's lien pursuant to § 546. CitiMortgage argued that the Trustee's interpretation of the automatic preservation provision of § 551 fails for two reasons: 1) the statue does not entitle the Trustee or the Estate to an extra priority over recorded and perfected liens; and 2) the Property is no longer property of the Estate, as the Trustee

---

[2] The Motion for Limited Modification of Dicharge Injunction is being tracked with this proceeding.

[3] Hereafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code, unless otherwise noted.

abandoned the property and his rescission of that abandonment is ineffective. The Trustee responded that the doctrine of equitable tolling applies to the facts of this case, thereby tolling the deadline to commence avoidance actions set forth in § 546. The Trustee also argued that his abandonment of the Property was revoked upon reopening of the Debtors' bankruptcy case. Alternatively, the Trustee argued that if revocation of his abandonment was not automatic, equitable considerations favor the revocation of his abandonment. The Court held a hearing to consider the Motions to Dismiss on December 5, 2012 (the "Dismissal Hearing"). At the Dismissal Hearing, the Court agreed with the Trustee that he should be afforded the opportunity to demonstrate that he used proper diligence in administering the Estate to invoke the doctrine of equitable tolling. Accordingly, the Motions to Dismiss were denied.

On December 19, 2012, Seterus filed its Answer to the Complaint. On December 20, 2012, CitiMortgage filed its Answer to the Complaint (as holder of the Second Deed of Trust). On February 21, 2013, Seterus, as the servicer for the loan secured by the First Deed of Trust, filed a Motion for Order Substituting Defendant seeking to substitute CitiMortgage for Seterus with respect to the First Deed of Trust. The Motion for Order Substituting Defendant stated that CitiMortgage became the holder of the First Deed of Trust loan upon transfer from Seterus. The Motion for Order Substituting Defendant was granted on April 3, 2013 over the Trustee's Objection.

CitiMortgage filed the instant Motion for Summary Judgment on June 21, 2013.[4] In its Motion for Summary Judgment, CitiMortgage argues that the Trustee filed the Complaint more than 19 months following the closure of the Debtors' Chapter 7 case and that the Trustee took no action to delay closure of the Chapter 7 case or to otherwise seek an extension of time permitted to commence

---

[4] CitiMortgage, as the holder of the Second Deed of Trust, filed a separate Motion for Summary Judgment on July 1, 2013 (the "Second Motion for Summary Judgment").

5

this Adversary Proceeding. As such, CitiMortgage maintains that the Complaint is barred based upon the time limitation imposed by § 546(a)(2). The Trustee asserts that there are significant issues of disputed fact regarding the equitable tolling of the statute of limitations and further argues that CitiMortgage should be equitably and judicially estopped from asserting the statute of limitations as a defense based on its representations in the Debtors' bankruptcy case. As set forth herein, the Court finds that there are no disputes of material fact in this case and that CitiMortgage, as the holder of the First Deed of Trust, is entitled to judgment as a matter of law. The adjudication of the instant Motion for Summary Judgment renders the Second Motion for Summary Judgment moot.

## II.   Discussion

### A.   Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides, in part:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. Proc. 56(a). One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The movant must establish that there are no material facts at issue and that he is entitled to judgment as a matter of law. *McLean, Koehler, Sparks & Hammond v. Hildebrand (In re Hildebrand)*, 230 B.R. 72, 74 (Bankr. D. Md. 1999) (*citing Celotex*, 477 U.S. at 322-323). "A

material fact is one 'that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179 (4th Cir. 2001)(*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (*quoting Anderson,* 477 U.S. at 248).

The party seeking summary judgment has the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322. Once the moving party has met its burden, the nonmoving party must produce sufficient evidence to show that there is a genuine issue for trial. *See Matsushita*, 475 U.S. at 587. Fed. R. Civ. P. 56(c)(1) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by*:*
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'not sufficiently probative.'" *Manheim Automotive Financial Services v. Pettie's, Inc.,* No. 4:11CV21, 2011 WL 2974300, at *2 (E.D. Va. June 21, 2011) (*citing M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.,* 981 F.2d 160, 163 (4th Cir.1993)). "[C]onclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarellli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

**B.**      **Abandonment under 11 U.S.C. § 554(c)**

This case presents a myriad of issues – the starting point for which is whether the

Trustee's abandonment of the Property can be or has been revoked.  Although CitiMortgage and the Trustee focused their arguments on whether the Trustee is time-barred from pursuing the Complaint pursuant to 11 U.S.C. § 546, the Court finds that it must deal with the abandonment issue first.  Absent revocation of his abandonment, the Trustee is unable to pursue the alleged causes of action.

11 U.S.C. § 554(c) provides: "[u]nless the court orders otherwise, any property scheduled under Section 521(a)(1) of [the Bankruptcy Code] not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of [the Bankruptcy Code]."  11 U.S.C. § 554(c).  This form of abandonment is commonly called "technical abandonment" because it occurs automatically upon case closure, without notice or hearing.  "It is a principle of uniform application that once an asset of the estate has been abandoned by the trustee, it is no longer part of the estate and is effectively beyond the reach and control of the trustee."  *In re Sutton*, 10 B.R. 737, 739 (Bankr. D. Va. 1981).

Courts take varying approaches on whether and under what circumstances a technical abandonment under § 554(c) can be revoked.  *See Woods v. Kenan (In re Woods)*, 173 F.3d 770, 776 (10th Cir. 1999).  Some courts have held, as the Trustee asserts, that the reopening of a case "automatically revives the original case and negates any technical abandonments." *Id.* at 776-77 (*citing Compass Bank for Savings v. Billingham (In re Graves)*, 212 B.R. 692, 695-96 (B.A.P. 1st Cir. 1997)).  Other courts have held that the technical abandonment of scheduled assets is irrevocable.  *Id.* (*citing Huntington Nat'l Bank v. Hunter (In re Hunter)*, 76 B.R. 117, 118-20 (Bankr. S.D. Ohio 1987)).  Still other courts have adopted a third approach that considers the revocation of a technical abandonment under the standard set forth in Fed. R. Bankr. P. 9024, which invokes Fed. R. Civ. P. 60 (with minor modification).  *Id.  See also LPP*

8

*Mortgage, Ltd. v. Brinley*, 547 F.3d 643, 649 (6th Cir. 2008) (affirming the bankruptcy court's reliance on Fed. R. Civ. P. 60(b) to determine when abandonment is revocable because it "strikes the appropriate balance between promoting finality and allowing courts to grant relief in limited circumstances").  Although this Court was unable to find any decisions from this Court or the United States Court of Appeals for the Fourth Circuit addressing the revocation of a technical abandonment, the Court agrees with the approach taken in *In re Woods* and holds that a technical abandonment under § 554(c) may be revoked under certain circumstances pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60, applicable to bankruptcy cases by Fed. R. Bankr. P. 9024[5], provides:

> (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[5] Fed. R. Bankr. P. 9024 provides:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

Fed. R. Bankr. P. 9024.

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Fed. R. Civ. P. 60(c) governs the timing and effect of a motion for relief from a judgment or order and provides that a "motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, the Complaint was filed on August 28, 2012–more than one year after the Trustee filed his Report of No Distribution on October 27, 2010 and more than one year after the Debtors' bankruptcy case was closed on December 29, 2010. Accordingly, the provisions of Fed. R. Civ. P. 60(b)(1), (2) and (3) are inapplicable to this matter. Moreover, Fed. R. Civ. P 60(b)(4) and (5) are inapplicable to the facts of this case. That leaves subsection (b)(6).

Fed. R. Civ. P. 60(b)(6) is a catch-all provision. Relief is appropriate under Fed. R. Civ. P. 60(b)(6) ".... when it offends justice to deny such relief[.]" *In re Woods*, 173 F.3d at 780 (*quoting Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996)). "Relief under Rule 60(b)(6) is reserved for 'extraordinary circumstances' that justify 'extraordinary' relief." *Roman v. Carrion (In re Rodriguez Gonzalez)*, 396 B.R. 790, 803 (B.A.P. 1st Cir. 2008)(*quoting Valley Citizens for a Safe Environment v. Aldridge,* 969 F.2d 1315, 1317 (1st Cir.1992)). "Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought." *Id.* (*citing* 12 James Wm. Moore, *Moore's Federal Practice* 60.48[3][c] (3d ed.2005)).

10

In this case, the Debtors listed the Property and related claims on their Schedules A and D pursuant to 11 U.S.C. § 521(a)(1). The Trustee has not alleged, and there is nothing in the record to indicate, that the Debtors were aware of the unrecorded status of the First Deed of Trust when they filed their bankruptcy Schedules or at any time prior to the closing of their case. Nor is there any allegation or evidence that the Debtors somehow hindered the Trustee's investigation into their assets. The Property was not administered by the Trustee during the course of the Debtors' bankruptcy case. Accordingly, the Property was abandoned to the Debtors upon the closing of their case by operation of § 554(c).

In his Affidavit filed with his Response to the Motion for Summary Judgment, the Trustee states that he "conducted a full investigation of the Debtors' assets and liabilities in the case, including a review of the Debtors' schedules and CitiMortgage's Motion for Relief from Stay, and the land records in Prince Georges County, Maryland" and that the land records "contained numerous recorded deeds, assignments and releases in the chain of title...." The Trustee asserts that the land records "disclosed a maze of recorded mortgages, assignments, and releases – in total, nine recorded deeds of trust and assignments against the Property, and six recorded releases referencing various deeds of trust" and that there was "no document indicating any assignment of the first or second deeds of trust to CitiMortgage" on file in the land records at the time the Bankruptcy Case was filed.[6] The Trustee further argues that his investigation did not disclose that an unrecorded deed of trust existed in favor of CitiMortgage and that CitiMortgage's own statements, including representations in the Lift Stay Motion, caused the Trustee to believe that CitiMortgage's liens were recorded. The Trustee maintains that his

---

[6] The Court notes that Exhibit 9 to CitiMortgage's Reply to the Trustee's Response to the Motion for Summary Judgment is a copy of an Assignment of Deed of Trust recorded on July 19, 2011, through which Capital One Home Loans, LLC assigned its interest in the Second Deed of Trust to CitiMortgage. This Assignment of Deed of Trust was recorded after the Debtors' bankruptcy case was closed.

11

investigations were reasonable and constituted the necessary due diligence concerning the existence of the CitiMortgage liens to toll the statute of limitations.

Notably absent from the Trustee's Opposition and supporting Affidavit is a discussion of when the Trustee reviewed the Prince George's County, Maryland land records for the Property. If the Trustee reviewed the land records prior to conducting the Meeting of Creditors and prior to filing his Report of No Distribution, then the absence of any assignments in favor of CitiMortgage should have alerted him to inconsistencies with the Debtors' schedules and prompted further inquiry. If the filing of the Lift Stay Motion prompted his review of the Land Records, or even the exhibits attached to the Lift Stay Motion, then again, the absence of any assignments in favor of CitiMortgage should have prompted further inquiry. If the Trustee did not review the land records until after this case was reopened, then he made a conscious decision as part of his administration of the Debtors' estate to forego further investigation into the scheduled deeds of trust and report this as a no asset case. The Debtors did their part in scheduling the Property and what they believed to be secured claims. The Trustee could have confirmed the secured status of the deeds of trust at any time. Instead, he filed a Report of No Distribution and the case was closed promptly upon the Debtors receiving their discharge. These are not "extraordinary circumstances" that justify the "extraordinary relief" afforded by Fed. R. Civ. P. 60(b). *In re Rodriguez Gonzalez*, 396 B.R. at 803. The Trustee could have taken steps to prevent the closing of this case and he chose not to do so. As such, the Debtors are entitled to the finality afforded by 11 U.S.C. § 554(c).

**C.**     **Equitable Tolling**

Rather than assert that the Property is no longer property of the Estate because it has been abandoned and no longer subject to the Trustee's control, the Motion for Summary

12

Judgment argues that the Trustee is time-barred from pursuing the Complaint based on the limitations set forth in 11 U.S.C. § 546.  The Trustee counters that the deadline in § 546 should be equitably tolled under the facts of this case.  Although the Court has already determined that it will not revoke the technical abandonment of the Property, the Court finds, as an alternative basis for granting the Motion for Summary Judgment, that the deadline set forth in § 546 should not be equitably tolled.

>11 U.S.C. § 546 provides :
>
>>(a) An action or proceeding under section 544 . . . of this title may not be commenced after the earlier of–
>>>(1) the later of–
>>>>(A) 2 years after the entry of the order for relief; or
>>>>
>>>>(B) 1 year after the appointment or election of the first trustee under Section 702 . . . if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>>>
>>>(2) the time the case is closed.

11 U.S.C. § 546.

Here, the parties agree that the Complaint was filed after the deadline set forth in section 546, *i.e.,* after the case was closed on December 29, 2010.  The parties also agree that the deadline set forth in section 546 may, under certain circumstances, be tolled under the doctrine of equitable tolling.  That doctrine provides that a "'statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired.'"  *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)(*quoting Luntungan v. Attorney Gen.,* 449 F.3d 551, 557 (3d Cir. 2006)).  "[T]o invoke equitable tolling, [a plaintiff] must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit.  *Harris v. Hutchinson*, 209

F.3d 325, 330 (4th Cir. 2000). The parties disagree as to whether the Trustee's investigation of the Debtors' assets was a sufficient exercise of diligence to justify the tolling of the statute of limitations.

As detailed in the previous section, the Trustee argues that he conducted a full investigation of the Debtors' assets and liabilities, including a review of the Prince George's County land records. The Trustee states that the land records did not disclose that a deed of trust remained unrecorded in favor of CitiMortgage. Accordingly, the Trustee submits that his inquiry into the status of CitiMortgage's deeds of trust was an exercise of reasonable diligence, and that the statue of limitations should be tolled in this case. CitiMortgage asserts that the Trustee had actual and constructive knowledge of the unrecorded First Deed of Trust but failed to pursue an avoidance action with the requisite diligence necessary to invoke the doctrine of equitable tolling. The Court agrees with CitiMortgage.

Attached as exhibits to CitiMortgage's Reply to the Trustee's Response to the Motion for Summary Judgment are copies of the various deeds of trust and assignments recorded against the Property. In all, there are seven deeds of trust and two assignments, all of which were produced by the Trustee in response to CitiMortgage's discovery requests. A cursory review of the loan documents reflect that there is no deed of trust in favor of CitiMortgage for the First Deed of Trust. To put it simply, the Trustee missed it. As stated above, although the Trustee's affidavit does not state when he reviewed the land records for the Property, the timing does not matter to this analysis. If he reviewed the land records before the case was closed, then he failed to notice that the First Deed of Trust was never recorded. If he reviewed the land records after Seterus filed its Motion to Reopen the Debtors' case, then he failed to exercise sufficient diligence in investigating the Debtor's assets prior to filing his Report of No

Distribution and prior to the closing of the case. This is not a situation where the Debtors failed to list the asset and corresponding claims in their bankruptcy schedules or intentionally misled the Trustee. Rather, this is a case where the Trustee filed a Report of No Distribution one day after the Meeting of Creditors and without having verified that the deeds of trust included in the Debtors' schedules were recorded. Moreover, the Trustee failed to take any action in response to the Lift Stay Motion even though the Lift Stay Motion did not include any documentation evidencing CitiMortgage's position as the holder of the Second Deed of Trust. Under these circumstances, the Court finds that the Trustee's failure to meet the deadline set forth in 11 U.S.C. § 546 was not after the exercise of diligent effort nor due to circumstances beyond his control. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, the Court will not equitably toll the deadline set forth in 11 U.S.C § 546 and the Complaint shall be dismissed as untimely filed.

**D.     Estoppel**

The Trustee's final argument in opposing the Motion for Summary Judgment is that CitiMortgage should be estopped from asserting that the limitations period under § 546 bars the Complaint. Specifically, the Trustee relies on the doctrines of equitable and judicial estoppel to argue that CitiMortgage should be estopped from relying on § 546 because CitiMortgage made misleading statements in the Lift Stay Motion concerning the status of its liens.

Equitable estoppel allows "'a person's act, conduct or silence when it is his duty to speak,' to preclude him from asserting a right he otherwise would have had against another who relied on that voluntary action." *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.),* 81 F.3d 1310, 1317 (4th Cir. 1996)(*quoting* Black's Law Dictionary). The purpose of this doctrine is to "'protect any adversary who may

15

be prejudiced by the attempted change of position.'" *Id. (quoting Guinness PLC v. Ward,* 955 F.2d 875, 899 (4th Cir.1992)). "Estoppel 'is the consequence worked by operation of law which enjoins one whose action or inaction has induced reliance by another from benefitting from a change in his position at the expense of the other.'" *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc*., 202 F.3d 223, 228 (4th Cir. 2000)*(citing Employers Commercial Union Ins. Co. of America v. Great American Ins. Co.,* 214 Va. 410, 200 S.E.2d 560, 562 (1973)). The doctrine of equitable estoppel requires that a plaintiff prove that his failure to act in a timely fashion was the result of the defendant's deliberate design, and actual and reasonable reliance by the plaintiff on the defendant's misconduct. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128-29 (4th Cir. 1987).

Here, there is no evidence that the misrepresentations in the Lift Stay Motion concerning the liens on the Property and the lack of equity in the Property were intentional. Nor is there any proof that the Trustee relied on the misrepresentations in foregoing his rights under 11 U.S.C. § 544 – especially since the Trustee had already filed his Report of No Distribution by the time the Lift Stay Motion was filed. Moreover, Seterus was the holder of the First Deed of Trust at the time the Lift Stay Motion was filed by CitiMortgage as the holder of the Second Deed of Trust. CitiMortgage did not have an obligation to confirm the secured status of Seterus' lien prior to filing the Lift Stay Motion.

The Trustee's argument that judicial estoppel applies also fails. The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). Here, the representations in the Lift Stay Motion were made by CitiMortgage as the holder of the Second Deed of Trust, not as the holder of the First Deed of

16

Trust.  As explained above, Seterus owned the First Deed of Trust at the time the Lift Stay Motion was filed.  Seterus took no position with respect to the Lift Stay Motion.  Thus, CitiMortgage's position in the instant matter (as the current holder of the First Deed of Trust) does not conflict with any prior positions taken by Seterus.  For this reason, the doctrine of judicial estoppel is not applicable here.

## III.    Conclusion

There are no disputes of material fact present in this case and CitiMortgage, as the holder of the First Deed of Trust, is entitled to judgment as a matter of law.  An Order consistent with this Memorandum will be entered.


cc:      All Parties
         All Counsel


**END OF MEMORANDUM**